# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| Melland Company, successor by merger to Melland Real Estate Company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Secura Insurance Companies,<br><br>　　　　　Defendant. | **ORDER**<br><br>Case No. 3:21-cv-58 |

　　　　Trial in this case is set to begin on January 30, 2024. Defendant Secura Insurance Companies ("Secura") moves in limine for several evidentiary rulings before trial. Doc. 37. Plaintiff Melland Company ("Melland") generally opposes the motions. Doc. 42.

　　　　Secura's first motion in limine seeks to prevent Ryan Heyer and Thomas Schanandore, expert witnesses for Melland, from offering opinions not disclosed in their reports. Federal Rule of Civil Procedure 26(a)(2)(B) requires disclosure of all opinions the witness will express and the basis and reasons for them, and any expert opinions offered at trial must meet the disclosure requirement. To the extent Secura seeks compliance Rule 26(a)(2)(B), the motion is **GRANTED IN PART** as to both parties and all expert witnesses. To the extent Secura seeks to prospectively limit the testimony of Heyer and Schanandore, the motion is premature and is **DENIED IN PART**.

　　　　Secura's second motion asks to limit Heyer's testimony to relevant issues on which he is qualified to opine. Secura argues Heyer's testimony should be limited to his observation of a damaged awning and buckled girder. But Heyer is a structural engineer that provided an expert report in this case, and he is qualified to testify as to his professional opinion about the damage to the building at issue (consistent with his expert report). Again, the Court will not prospectively limit Heyer's testimony at this point. Many of Secura's concerns with Heyer's potential testimony

seem to go to the weight of his testimony, not admissibility. So, Secura's second motion in limine is **DENIED**.

The third motion in limine moves to exclude evidence about the second snow event. Secura argues the second snow event is irrelevant because Melland's claim is that the first snow event caused the constructive total loss. It also argues that evidence of the second snow event may confuse and mislead the jury. While Melland alleges in its amended complaint that the first snow event caused a constructive total loss, it also alternatively alleges the second snow event caused the constructive total loss. See Doc. 1-2 at 5. So, evidence of the second snow event is relevant to Melland's alternative theory of its case. For the same reasons, evidence of the second snow event seems unlikely to confuse or mislead the jury. Secura's third motion in limine is **DENIED**.

Secura's fourth motion in limine seeks to preclude references to the 2018 International Building Code ("IBC") and 2018 International Existing Building Code ("IEBC"). Per Secura, because North Dakota adopted the 2018 IEBC on January 1, 2020, and the first snow event occurred in March 2019, application of the 2018 IBC and IEBC is inappropriate to determine repairs from the March 2019 damage. To be sure, Secura is correct that the 2018 IEBC would not apply to the March 2019 damage because the 2015 IEBC applied at the time. That said, because Melland also alternatively asserts the second snow event (in early January 2020) caused the constructive total loss, precluding all references to the 2018 IBC and IEBC is premature. So, Secura's fourth motion in limine is **DENIED**.

The fifth motion in limine seeks to limit Melland's lay witnesses from offering expert testimony. Federal Rule of Evidence 701 states that lay witness opinion testimony is limited to one that is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. To the extent Secura seeks to prevent lay witnesses from offering expert

opinion testimony, the motion is **GRANTED**. That said, this order does not preclude Melland's witnesses from offering testimony in the form of an opinion that satisfies Rule 701.

Secura's sixth motion in limine seeks to preclude any documents or reference to the City of Jamestown ordering the building condemned and destroyed, along with precluding any evidence or testimony that the building was demolished. Doc. 40 at 13. Secura objects to this evidence under Federal Rules of Evidence 402 and 403. Melland argues the condemnation order by the City of Jamestown is relevant to determining whether the building lost its identity and specific character.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Recall that this is an insurance coverage dispute case. The coverage question is whether a snow event caused the building to lose its specific identity and character, so that the damage resulted in a constructive total loss. The decision by the City of Jamestown to condemn the building is not relevant to the ultimate issue the jury must decide here, because the condemnation has no bearing on whether the snow event resulted in a constructive total loss. There is also a high risk of confusion of the issues and misleading the jury, which substantially outweighs the probative value of the City's condemnation and demolition directive. The City's decision was a separate and independent decision, unrelated to the question of whether the damage from the snow event(s) resulted in a constructive total loss. For those reasons, Secura's motion is **GRANTED**.

The seventh motion in limine asks to preclude arguments that the building was a constructive total loss based on claims that the cost of repair exceeds the "value" of the building. Secura's position is that the cost of repair (as compared to the value of the building) cannot be considered in determining whether the building lost its specific character and identity, and if cost of repair is considered, then the cost of repair must be compared to the stated value of the building

in the applicable policy. Melland argues the cost of repair argument is not foreclosed by the North Dakota Supreme Court and can be considered by the jury in making its determination on constructive total loss.

Both parties are partially correct. Melland is correct that cost of repair may be relevant to deciding the ultimate issue in this case, and the North Dakota Supreme Court has not expressly foreclosed a cost of repair analysis (though neither has it endorsed the approach). But Secura is correct to be concerned about what value the cost of repair is to be compared to. What is telling is that in jurisdictions that have adopted the cost of repair test, the cost of repair is compared to value of the building as stated in the applicable policy. See Darmer v. State Farm Fire & Cas. Co., No. 17-4309, 2020 WL 514261, at *8 (D. Minn. Jan. 31, 2020). Melland may present evidence as to the cost of repair, and in that sense, Secura's motion is **DENIED IN PART**. But the cost of repairs must be compared to the value of the building as stated in the policy. In that way, Secura's motion is **GRANTED IN PART**.

Secura's eighth motion in limine seeks to preclude Melland from arguing that it was required to bring the entire building up to building code, when it is undisputed that the west portion of the building was not damaged. But the policy here insured the west and the east portions of the building as one building, and the Court will not limit Melland's expert witnesses from testifying as to their opinions. Secura's concerns generally go to the weight of the evidence, not its admissibility, and as such, this motion is **DENIED**. Of course, sufficient foundation must be established on all evidentiary matters.

Secura's next motion in limine asks to preclude Melland from offering any evidence on cost of repair because no opinions on cost of repair were disclosed. While neither of Melland's

4

experts provided a dollar amount for the cost of repair, both may testify consistent with their expert reports. Secura's ninth motion in limine is **DENIED**.

Secura's tenth motion in limine seeks to preclude evidence or testimony as to the premiums paid by Melland or the number of years that Melland has been insured by Secura. Again, relevant evidence tends to make a fact of consequence more or less probable than it would be without the evidence. See Fed. R. Evid. 401. And at issue is whether the building sustained a constructive total loss. The length of time insured, and amount of insurance premiums paid do not make a constructive total loss more or less likely. Secura's tenth motion in limine is **GRANTED**.

The eleventh motion in limine seeks to preclude references to Secura's size, financial condition, solvency, or ability to pay a verdict or satisfy a judgment. References to the same are irrelevant. And even if relevant, the minimal probative value is substantially outweighed by the danger of unfair prejudice. So, Secura's eleventh motion in limine is **GRANTED**.

Secura's twelfth motion in limine seeks to preclude the factual details of the snow events at issue. Melland argues that the type and amount of snow are directly related to how the building became a constructive total loss. At this point, the Court declines to preclude all evidence of the snow events at issue, as the type and amount of snow may offer context and may be relevant. Secura's twelfth motion in limine is **DENIED**.

Finally, Secura's last motion in limine seeks to preclude Melland from calling any undisclosed fact witnesses. The Court declines to issue a blanket order on undisclosed witnesses at this time. Any objection to an undisclosed witness will be considered on an individual basis and

consistent with the Federal Rules of Evidence and case law. Secura's thirteenth motion in limine is **DENIED**.

    **IT IS SO ORDERED**.

Dated this 28th day of November, 2023.

                                                          */s/ Peter D. Welte*
                                                          Peter D. Welte, Chief Judge
                                                          United States District Court